IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:16cr00089 |
| | ) | **Electronic Filing** |
| **ROBERT PALADINO** | ) | |

## MEMORANDUM ORDER

AND NOW, this 22nd day of September, 2017, upon due consideration of defendant's motion to quash and the parties' submissions in conjunction therewith, IT IS ORDERED that [27] defendant's Motion to Quash be, and the same hereby is, denied.

On April 27, 2017, a grand jury returned an indictment against defendant charging him with possession of child pornography, on or about August 13, 2015, in violation of Title 18, United States Code, Section 2252(a)(4)(B). Title 18, United States Code, Section 2252(a)(4)(B) prohibits a person from knowingly possessing one or more visual depictions of a minor engaging in sexually explicit conduct. Sexually explicit conduct includes actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, and lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A).

Defendant contends the material he is charged with possessing is non-obscene virtual child pornography protected by the First Amendment. He relies on the Supreme Court's ruling in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), to support this contention. However, defendant's interpretation of Free Speech Coalition is misguided.

In Free Speech Coalition, certain trade associations and others commenced a pre-enforcement challenge to a section of the Child Pornography Prevention Act of 1996 that sought to make unlawful "sexually explicit images that appear to depict minors but were produced

without using any real children." Id. at 239.[1] The Supreme Court ruled First Amendment protection applied to non-obscene virtual images of minors engaging in sexually explicit conduct. Id. at 257.

It is settled that Free Speech Coalition does not affect prosecutions under § 2252(a)(4)(B). United States v. Destio, 153 F. App'x 888, 891 (3d Cir. 2005). "Section 2252(a)(4)(B) applies only if the prohibited materials in the defendant's possession involve the sexual exploitation 'of a minor.'" Id. Thus, it is the government's burden to prove at trial that defendant possessed at least one image of a real minor engaged in sexually explicit conduct. Id. at 892–93.

It also is settled that the government may meet its burden by having the jury "view [] the images themselves, or by non-expert testimony." Id.; United States v. Marchand, 308 F. Supp.2d 498, 503 (D.N.J. 2004) (establishing proof beyond a reasonable doubt by having the jury view images and compare them to known images involving the use of actual minors); accord United States v. Irving, 452 F.3d 110, 121-22 (2d Cir. 2006) (Free Speech Coalition does not require any particular type of proof be offered to prove the images were created using a real child); United States v. Slanina, 359 F.3d 356, 357 (5th Cir. 2004) ("the Government was not required to present any additional evidence or expert testimony to meet its burden of proof to show that the images downloaded by Slanina depicted real children"); United States v. Vig, 167 F.3d 443, 449–50 (8th Cir. 2003) (jury could draw its own independent conclusion as to whether real minors were depicted); United States v. Kimler, 335 F.3d 1132, 1142 (10th Cir. 2003) (post Free Speech Coalition juries are still capable of distinguishing between real and virtual images of child pornography).

---

[1] This section was codified at 18 U.S.C. § 2256(8)(B).

Moreover, "an indictment returned by a legally constituted and unbiased grand jury is sufficient, if valid on its face, to proceed to trial on the merits." Destio, 153 F. App'x at 892 (citing Costello v. United States, 350 U.S. 359, 363 (1956)). And when considering a motion to quash the indictment, the factual allegations set forth in the indictment must be accepted as true. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 (1952); United States v. Krasner, 841 F. Supp. 649, 653 (M.D. Pa. 1993).

Here, a duly constituted grand jury has charged that on or about August 13, 2015, the defendant knowingly possessed videos, computer graphics and VHS files depicting minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). At trial, the government will be required to prove at least one pornographic image possessed by defendant depicts an actual minor engaging in sexually explicit conduct. The government contends it will proffer at least three such images, which are illustrative of others found in defendant's possession. These three images have been disclosed to defendant. The relevant case law in both the Third Circuit and its sister circuits firmly establishes that it is within the province of the jury to determine whether the images possessed by defendant depict the exploitation of real minors. Consequently, defendant's motion to quash the indictment properly has been denied.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Jessica Lieber Smolar, AUSA  
Frank C. Walker, II, Esquire

(*Via CM/ECF Electronic Mail*)